UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALTONIO WARREN # 03-A-5893
    Plaintiff,

    V.

JAMES T. CONWAY, SUPERINTENDENT;
MARTIN L. EBERT, CORRECTION OFFICER;
JASON M. CLARK, CORRECTION OFFICER;
MATTHEW R. RATAJCZAK, CORRECTION
OFFICER; S. GOLAB, CORRECTION
OFFICER; S. MARKOWSKI, CORRECTION
SERGEANT. "ALL OF WHOM ARE BEING
SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITY."
    Defendant(s).

---

42 U.S.C. § 1983
JURY TRIAL DEMANDED

**11 CV 0125**

## PRELIMINARY STATEMENT

1. This is a civil right's Action in which the Plaintiff seeks relief for the Defendants violation of his Rights secures by the Civil Rights Acts of 1866 and 1871, 41 U.S.C. §§ 1981, and 1983 and the Rights secured by the Fourteenth Amendment to the United States and Rights secured by the Eight Amendment, The First Amendment, and by the Equal Protection and Constitution of the State of New York.

## STATEMENT OF JURISDICTION

2. This is a civil Action seeking relief and / or demages to defend and protect the rights guarnteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The court has Jurisdiction over the Action Pursuant to 28 U.S.C. §1331, 1343(3) and (4) and 2201. the amount of damages in controversy is in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and cost.

3. Plaintiff demands a trail by Jury on each and every one of his claims pleaded herein.

4. Venue is proper for the United States District Court for the Western District of New York Pursuant to 28 U.S.C. §§1391 (a), (b) and (c).

5. Defendant, Superintendent, James T. Conway, herein, at all times relevant to this complaint were responsible for the care, custody, control of security policies, regulations and ordinance of Department of Correctional Services Attica Correctional Facility, herein, is being sued in his individual and Official capacity.

6. Defendant, Correction Officer Mr. Martin L. Ebert is employed by the New York State, Department of Correctional Services and at all times mentioned in this complaint was assigned to the care, Custody, Control of the New York State, Department Of Correctional Services operating under the statutes, Ordinance and regulations are being sued in his individual and Official capacity. Defendants Address: Attica Correctional Facility, P.O. BOX 149, Attica, N.Y. 14011.

7. Defendant, Correction Officer Mr. Jason Clark is employed by the New York State, Department Of Correctional Services and at all times mentioned in this complaint was assigned to the Care, custody, Control of the New York State, Department of Correctional Services operating under the statutes, ordinance and regulation are being sued in his individual and Official capacity. Defendants Address: Attica Correctional Facility, P.O. Box 149, Attica, N.Y. 14011

8. Defendant, Correction Sergeant Mr. S. Markowski is employed by the New York State, Department of Correctional Services and at all Times Mentioned in this complaint was assigned to the Care, custody, Control of the New York State, Department of Correctional Services operating under the statutes, ordinance and regulations are being sued in his individual and Official capacity. Defendants Address: Attica Correctional Facility, P.O. BOX 149, Attica, N.Y. 14011.

9. defendant, Correction Officer MR. Matthew R. Ratajczak is employed by the New York State, Department of Correctional Services and at all times Mentioned in this complaint was assigned to the Care, Custody, Control of the New York State, Department of correctional Services, operating under the Statutes, Ordinance and regulations are being sued in his Individual and Official Capacity. Defendants Address: Attica Correctional Facility, P.O.

BOX 149, Attica, N.Y. 14011.

10. Defendant, Correction Officer MR. S. Golab is employed by the New York State, Department of Correctional Services and at all times Mentioned in this complaint was assigned to the Care, Custody, Control of the New York State, Department of Correctional Services operating under the statutes, Ordinance and regulations are being sued in his Individual and Official Capacity. Defendants Address: Attica Correctional Facility, P.O. BOX 149, Attica, N.Y. 14011.

## STATEMENT OF FACT'S

11. On or about January 30th, 2008, Correction Officer's were going to assualt all the inmate's that they felt was involved in the Blood's gang. That evening, The C.O's had jumped and beaten an inmate named Kevin Frost#97-A-3444 and he was taken to the special housing unit. The next morning which was January 31st, 2008, A Correction Officer walked pass My locking location doing the list for Chow and program's, at which time I was Locking in A-7-13 cell, and I had put down for Chow and Program's. Five minute's later C.O. R.Ratajczak walked pass the location in which I was locking in and the officer gave me a "dirty look" and continued to walk by. Two minute's later the Company was release for chow and program's(breakfast), Inwhich we was placed on stand-by, and the gallery was then released to breakfast. As the gallery was walking into the Lobby, I was told to step out of the line and place my hand's on the wall by C.O. R.Ratajczak, inwhich I complied. After the gallery walked pass to breakfast, the gate was locked and C.O. R. Ratajczak walked up behind me and then slammed my face into the wall. Inwhich I last consciousness temporarily and fell to the floor. I was then kicked, and hit with baton strike's all over my body as I curled up and tried to block my face from there blow's. Officer Ratajczak held me down while Correction officer's J. Clark, S. Golab and M. Ebert punched, Kicked, and hit me with their baton's. While C.O. R.Ratajczak was holding my hand's behind my back, C.O. M. Ebert then grabbed

and held my leg's as C.O.'s S. Golab and Clark continued to assault me by kicking me in my upper body, leg's, and head area and continued to hit me with their baton's. I noticed Sergeant Markowski standing by inwhich I Screamed to him "Sgt. please tell them to stop, I haven't done anything". He responded, "this isn't my post, I'm not even suppose to be here." He did not do any thing to stop the Correction Officer's from beating me. at this time the response team had come and I was Handcuffed and picked up off of the floor. I was then escorted by the response team to the facility Hospital in which the Nurse told them that the handcuff's had to be removed. a D-ring belt was placed around my waist and I then had my face and head X-rayed after all the blood was cleaned off of my face and head. Ireceived 29-structure's to the forehead (20- inside, and 9- outside). along with 2- butterfly structure's to my nose. My urine sample was taken and tested to see if there was any blood in my urine. And I received a tecnis-shot. Pocture's was taken and I was then handcuffed and was taken to the Special Housing Unit (BOX). I was striped and searched and took more photo's by the S.H.U. Sgt. and then I was placed in S.H.U.-CW-09 cell. No Use of Force Camera was used in my Incident Nor was one used when I was escorted to the Hospital of S.H.U.

12. Plaintiff filed Grievances in this matter and they were <u>All</u> denied.

### CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S EIGHT AND FOURTEENTH AMENDMENT CONSTITUTIONAL COGNIZABLE UNDER SECTION 1983.

13. Plaintiff incorporates each and every allegation and averment set forth previously in this complaint as though full set forth herein.

14. That the defendant's, Their agents, servants and employees subjected the Plaintiff to excessive force and deprivation of Plaintiff's liberty and personal bodily security with out due process of law under the fourteenth amendment of the Constitution of the United States.

15. That during all times herein after mentioned the defendant Correction Officer's, each of them separately and in Concert,

acted under the color and pretense of law, to wit: under color of statutes, ordinance, regulations, customs, and usage of the State of New York Mentioned to injure plaintiff of his right's, privileges's and immunities secured to plaintiff by the eight and fourteenth Amendment to the United States and laws of the United States when they maliciously, wantonly , and with such reckless disregard for consequences so as to display a conscious disregard for the danger of harm and injury to plaintiff.

16. Defendant's Maliciously and wantonly physically abused plaintiff where the defendant's, their agent's, servants and emplyee's kicked, punched and beat Plaintiff with baton's without cause.

17. That as a direct and proximate result of the aforedescribed and unlawful actions of defendants committed under the color of law and their authority, plaintiff suffered grievious bodily harm and was deprived of his rights to be free from punishment and due process of law as guaranteed by the fourteenth Amendment of the united States Constitution.

18. That by said reasons of the aforedescibed violation, Malicious beating, failure to treat injurie's caused by defendants, their agents, servants, and employees who conspired together to enter into a nefarious scheme to wrongfully deprive Plaintiff and compelled him to abandon his rights and privileges as provided to him in the United States and the constitution of New York State, and the laws thereto, the Defendants, their agents, servants, and employee's violated 42 U.S.C. § 1983 and that the defendants, their agents, servants and employee's acted as persons who under the color of law, statutes, ordinance, regulations, customs or the usage of the State particularly the Plaintiff thereof, to be deprived of his rights, privileges and immunitied provided by the Constitution and laws of the United States of America and the State of New York; As a direct and proximate result of these violations, plaintiff was subjected to great indignities and humiliation; pain and distress of mind and body.

-5-

## CAUSE OF ACTION FOR DELIBERANT INDIFFERENT NEGLIGENT AND INADVERTMENT FAILURE TO SUPERVISE, DISCIPLINE AND INSPECT, DISMISS CORRECTIONAL OFFICERS ARE COGNIZABLE UNDER SECTION 1983.

19. Plaintiff incorperates each and every allegation and averment set forth priviouly of this complaint as though fully set- forth herein.

20. Defendant's Correction Officers failed to take proper action due to their improper hiring, improper supervision, improper selection, improper and/or minimal psychological evaluation, poor impulse control all are which are the responsibility of Defendant James T. Conway, Superintendent. As a direct and proximate result of the aforedescribed unlawful and deliberant Indifferent action of defendants committed under the color of law and under the authority; plaintiff suffered grivious bodily harm and was deprived of his rights to be free from punishment and due process of law as guaranteed by the forteenth Amendment of the United States Constitution.

21. Furthermore, the defendants subjected the plaintiff to excessive force and deprivation of plaintiffs liberty and personal bodily security without due process of law under the fourteenth Amendment of the United States Constitution.

22. That the defendants, their agents, servants, and employees deprived plaintiff of his rights to be free from Cruel and Unusual Punishment under the Eight and Fourteenth Amendment of the United States constitution when they allowed plaintiff to be Maliciously beaten by their agents, servants, and employee's wth out cause.

23. As direct and proximate result of [d]efendants deliberate indifference and intentional failure when learning plaintiff was Maliciously beaten and attacked by subordinates without cause, [D]efendants intentional failure to prevent the violation of plaintiff's Constitutional Right's as aforedescribed, defendants acts were committed under the color of law and their authority as Correction Officers, Plaintiff suffered A deep cut from the beaten to the nose and forehead inwhich plaintiff received 29 structures to his forehead (20- on the inside, and 9- on the out side). with two butterfly structures to his Nose. The

Plaintiff also suffered a swelling to his eye's, swelling to the Lower left leg and ankle, and was deprived of his right to be from assault and punishment and secure of his person against unreasonable seizure and the Use of Excessive Force in Violation of the Plaontoffs Fourth and fourteenth Amendment of the United States Constitution and 42 U.S.C. §§ 1983 to be free of Cruel and Unusual Punishment the Eight and Fourteenth Amendment and Equal Protection Clause thereto.

24. That the [d]efendants, their agents, servants and employees failed to adequately train, properly hire, retain, supervise or any way Control the behavior and perfprmance of the defendants Correction Officers; their hiring practices, in the exercise of their police functions.

25. [D]efendant failure to enforce laws of the State of New York is carried out willingfully, wantonly, Maliciously and with such reckless disregard for consequences so as to display a conscious disregard for the danger of harm and injury to the Inmates in the Department of Correctional Services, State Of New York, including Plaintiff, in that they exhibit a lack of that degree of due care which purdent and responsible individuals would show in excuting the duties of the defendants.

26. The failure of the defendant, State of New york, Department of Correctional Services, Superintendent, James T. Conway, their agents, servants, employees to hire, train, supervise, discipline or in any other way control defendants, Correction Officer's, in exercise of their function, as Department of Correctional Services Officer's.

27. Defendant, State of New York, Department of Correctional Services, James T. Conway presents a clear and present danger to the Inmates of the State of New York, Department of Correctioanl services; and that the [d]efendants, their agents, servants, and employees permitted the use of policy and/or drafted policy that was violative of Constitutional Rights of Plaintiff.

28. The [D]efendant, State of New York, Department of Correctional Services, Superintendent James T. Conway, his agents, Servants, and Employees alleged herein were done not as an individual but under the color and pretense of the statutes, ordinance, regulations, customs and usage of the State of New York, Under their authority as Officers.

29. Defendants, Correctional Officer(s) were employed in their respective capacity by the State of New York, Department of Correctional Services, and were acting under tne color of their Official capacity and their acts performed under the color of Policies, Statutes, Ordinance, Rules and Regulations of the State of New York.

30. That by reasons of aforesaid violation, failure to protect, failure to treat, failure to act upon Malicious beating, the defendant(s) their agents, Servants, and employees who conspired together to enter into a nafarious scheme to wrongfully deprive the Plaintiff and compelled him to abandon his rights and privileges as provided to him in the United States Constitution of the State of New York thereto, the Defendants, their agents, servants, and employees acted as persons who under the color of any statutes, ordinance, regulation, customs or usage of the State of New York, subjected plaintiff to Excessive Force by Maliciously beating him.

31. That by said reasons of the aforesaid wrongs and deprivation of the Plaintiff rights and liberties as guaranteed by the aforementioned Constitution by the Defendants, their agents, Servants, and employees acting within the scope of their authority and with out any probable of reasonable cause the plaintiff to suffer great bodily injury in and about the fore head, Nose, Lower left leg and swellen and problem's with sight to both eye's.

32. This systematic patter or conduct consisted of large number's of individual act's of violence, failure to protect and willful indifference to inmates safety; Intimidation, slander, libel, detraction, false arrest and false imprisonment visited on plaintiff and other persons within the State of New York, Department of Correctional Services.

33. the unlawful and illegal conduct of the defendant(s), State of New York, Department of Correctional Services agents, servants, and employees Superintendent James T. Conway, deprived plaintiff of his rights, privileges and immunities secured to him by the United States Constitution; thereby for the Defendants, their agents, servants, violated Plaintiffs Constitutional Right's; plaintiff was rendered sick, sore, disable and among other thing's, he suffered conscious pain and suffering and that he was otherwise damaged.

34. Defendant(s) are being sued in their Individual and Official Capacities.

35. That by said reason of the aforesaid the Plaintiff request the following relief:

(a) Comensatory Damages in the sum of One Million Dollars [$1,000,000.00].

(b) Punitive Damages in the Sum of Fifty Million Dollars [$1,000,000.00]

(c) Injunctive relief against all named Defendant(s).

(d) In their Individual and Official Capacities.

(e) Plaintiff request a trial by Jury of all Issue(s) involved in this complaint.

**WHEREFORE,** Plaintiff demands judgement against the Defendants for the aforementioned amounts, together with cost and disbursement of this action.

DATED:_____

                                                    ALTONIO WARREN #03-A-5893
                                                    AUBURN CORRECTIONAL FACILITY
                                                    P.O. BOX 618
                                                    AUBURN, NEW YORK 13024

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE GRIEVANCE COMPLAINT

FORM 2131E (REV. 6/06)

Grievance No. **53144-08**

_Attica_ CORRECTIONAL FACILITY

Date _2-8-08_

Name _Warren, A_  Dept.No. _03A5393_  Housing Unit _CW-9_

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)

_See Attachment_

Grievant Signature _____

Grievance Clerk _____ Date: **12 FEB 2008**

Advisor Requested ☐ YES ☐ NO  Who: _____

Action requested by inmate: _____

This Grievance has been informally resolved as follows: _____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____

If unresolved, you are entitled to a hearing by the Inmate

This grievance has been coded as a harassment grievance. It has been sent directly to the Superintendent's Office for investigation. As soon as the investigation is complete, you will receive a response from the Superintendent or his designee. You need do nothing until you get that response. This copy and grievance number are for your personal files.

1793-94

2131E (5/88)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**
**INMATE GRIEVANCE COMPLAINT**

Grievance No. **53144-08**

_Attica_ CORRECTIONAL FACILITY

Date _2,8,08_

Name _Altonio Warren 03A5893_   Dept.No. _____   Housing Unit _CW-9_

Program _School_   AM _8:20 to 2:15 p.m._ PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem: (Please make as brief as possible) I, Altonio Warren 03A5893 was put on the wall in A-block, then I felt myself hit the floor real hard and it opening my face and nose up, deep laceration between my nose to my forehead, receiving 29 total suture's to close, and 1/8" small laceration to the bridge of his nose. From over force from the staff. I was kick hit with sticks and beat in his blood came out his face on 1/31/08 by the office in A-Block 7 to 3. That is the problem

Grievant Signature _____

Grievance Clerk _____   Date: _____

Advisor Requested  ☐ YES  ☐ NO   Who: _____

Action requested by inmate: _____

This Grievance has been informally resolved as follows: _____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

FORM 2133 (REV. 6/06)

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONAL SERVICES**

**INMATE GRIEVANCE PROGRAM**

| Field | Value |
|---|---|
| Grievance No. | A-53144-08 |
| Date Filed | 02/12/08 |
| Facility | Attica Correctional Facility |
| Policy Designation | Institutional |
| Title of Grievance | C. O.'s Beat Me |
| Class Code | 49 |
| Superintendent's Signature | [signed] |
| Date | 02/25/08 |
| Grievant | Altonio Warren |
| DIN | 03-A-5893 |
| Housing Unit | RB/CW/009 |

Grievance Denied.

Grievant alleges that on 1/31/08, during the 7a.m.-3p.m. Shift, several officers put him on the wall in A-Block. The grievant then felt himself hit the floor, causing a laceration to his forehead and nose area. Grievant also alleged that he was kicked and beat with sticks until there was blood from his face area. The grievant further stated that he received twenty-nine stitches due to his injuries in the incidental matter.

On 2/16/08, grievant refused to be interviewed by a security supervisor relative to this matter. Grievant also did not provide witnesses to substantiate his allegations. The security supervisor believes that the grievant submitted this grievance in an attempt to discredit officers for an incidental matter on 1/31/08, which the grievant caused by misbehaving.

The involved officers have submitted memorandums refuting the allegations that were made by the grievant in the incidental matter. It should be noted that the incident is being investigated by the Office of Inspector General.

According to the facility's reports on 1/31/08, the grievant was exiting an A-Block gallery. As the grievant walked by an officer, the grievant punched the officer with a closed right fist on the right side of the cheek area. During a struggle with several officers, the grievant then elbowed one assisting officer in the nose and kicked another in the right hand, causing a fracture to the officer's right index finger. The involved officers then used body holds to subdue and control the struggling grievant. The grievant received a misbehavior report and disciplinary sanctions for his misbehaving in the incidental matter.

Therefore, based on the information obtained relative to this matter, this investigation did not uncover any wrongdoing by staff as alleged by the grievant relative to this issue.

CR/jms
Cc: File

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to C.O.R.C.

_____    _____
Grievant's Signature                               Date

_____    _____
Grievance Clerk's Signature                    Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number<br>A-53144-08 | Desig./Code<br>I/49 | Date Filed<br>2/12/08 |
|---|---|---|---|
| | Facility<br>Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>COs Beat Me | | |
| | Director's Signature<br>[signature] | | Date<br>4/16/08 |

4/16/08

### GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration and the employees in question have denied any improper action. Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by the employees referenced in this instant complaint.

It is noted that the grievant received a misbehavior report as a result of his interaction with the employees referenced in this complaint and CORC asserts that all of the facts and circumstances surrounding that report were reviewable both at the disciplinary proceeding and upon appeal in accordance with 7 NYCRR, Chapter V.

CORC notes that the grievant was found guilty of assault on staff and subsequently refused to be interviewed regarding his grievance allegations. CORC advises the grievant to cooperate with investigating staff in order to ensure the most complete investigation possible.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

Re/rp

----------------------------------------------------------------------------------------------------
----------------------------------------------------------------------------------------------------



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

**BRIAN FISCHER**
COMMISSIONER

April 11, 2008

Mr. Altonio Warren, #03A5893
Upstate Correctional Facility
P.O. Box 2001, 309 Bare Hill Road
Malone, New York 12953

Dear Mr. Warren:

Commissioner Fischer has asked me to respond to your March 31, 2008 letter to him regarding your grievance.

Please be advised that A-53144-08, alleging an assault, is pending CORC disposition.

Department of Correctional Services' policy, Directive #4040, Inmate Grievance Program, (IGP), provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law. The directive makes no provision for an inmate to refer grievances directly to Central Office.

You should address any grievance concerns to the Inmate Grievance Program Supervisor.

Sincerely,

Karen Bellamy
Director
Inmate Grievance Program

cc: Superintendent, Upstate Correctional Facility, (w/attachment)

UP044 (12/99)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
UPSTATE CORRECTIONAL FACILITY
HEALTH SERVICES
## SICK CALL RESPONSE

10·A2-411

TO: _Warren, Attonio_   _03A5893_   _10_
        Name                          DIN              Location

FROM: Upstate Health Services, Nurse: _Turlino_

DATE: _4/23/08_

RE: Response to your sick call request (and/or)
    Notification of Laboratory/X-ray test results

_____ Your request for dental services has been forwarded to the Dental Department

_____ You have been scheduled to see the Nurse Practitioner or Medical Doctor in the near future.

_____ You have been scheduled to see the Optometrist per HSPM 1.3 *Vision Care*.

_____ You have been scheduled for lab services as indicated.

_____ You have been scheduled for an x-ray as indicated.

_____ Your laboratory / X-ray *(circle one)* results have been reviewed by the Nurse Practitioner and/or the Medical Doctor. The results were essentially normal. If you have any questions or concerns about this test or your health, you should request to be seen at sick-call.

Comments: _X-ray from Attica shows Nose Fx_

Routing:
  Original: Inmate
  Copy:     Inmate Health Record